UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR J. CLEMENS JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV01515JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| VETERANS ADMINISTRATION | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss and for Summary Judgment filed with the Court on February 15, 2005 (Doc. 34) and Plaintiff's Memorandum Brief in Support of Motion for Partial Summary Judgment filed with the Court on January 31, 2005 (Doc. 25) and Statement of Uncontroverted Facts, Motion for Partial Summary Judgment , First Cause of Action filed with the Court on February 25, 2005 (Doc. 41). Defendant has responded to Plaintiff's motions for summary judgment, while Plaintiff has not responded to Defendant's motion to dismiss and summary judgment.

## BACKGROUND

Plaintiff filed suit against Defendant on November 2, 2004 (Doc. 1). The Complaint stems out of Plaintiff's request in a "Request Under the Freedom of Information Act" for certain information from Defendant relating to records from a Veterans Administration facility in Marion, Indiana ("Initial Request') which is attached to the Complaint as Exhibit A. The Initial Request was made pursuant to 5 U.S.C. § 552, the Freedom of Information Act ("FOIA"). Paragraphs 1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and 2 of the Initial Request seek the full names of V. Callejo M.D. and T.A. Balza, M.D. who Plaintiff alleges served at the "VA brainwashing and torture facility in Marion, Ind., during the period June 1, 1979 to June 1, 1990," and their employment records, including place of birth, medical schools and all other information in the possession of the VA. (Initial Request). Paragraphs 3 and 4 seek a listing of all purchases of the drugs Navane and Mellaril during the period January 1, 1979-January 1, 1987 by the VA nationally and the Marion, Indiana facility specifically. (Id.). Paragraphs 5 and 6 seek a copy of any orders or bills by the Food and Drug Administration or the U.S. Congress respectively approving Navane and Mellaril for use or purchase by the VA. (Id.). Plaintiff sought a list of all foreign doctors who have been employed by the Veterans Administration from January 1, 1979 to the present in paragraph 7, and all information available to the Veterans Administration on whether any of those foreign doctors have a record of torturing political prisoners in their home country before working for the VA in paragraph 8. (Id.). The Initial Request was directed to the Department of Veterans Affairs in Washington, D.C. (Id.).

On May 7, 2003, Clay Johnson, Veterans Health Administration ("VHA") FOIA Officer for the Department of Veterans Affairs, responded to paragraphs 3-6 of Plaintiff's Initial Request. ((Defendant's Memorandum in Support of Defendant's Motion to Dismiss and for Summary Judgment ("Defendant's Memo in Supp.") (Doc. 35), Exh. B). Mr. Johnson stated that no responsive records were found concerning Plaintiff's Initial Request paragraph 3 (seeking V.A. records for the purchase of the drugs Navane and Mellaril from January 1, 1979-January 1, 1987) or paragraph 5 (a copy of any orders of rulings by the Food and Drug Administration approving the use of Navane and Mellaril). Mr. Johnson also responded to Initial Request paragraph 4 seeking a listing of purchases of Navane and Mellaril by the "VA Brainwashing and Torture facility in Marion, Ind." from January 1, 1979-January 1, 1987. He stated (1) that the VA does

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

not operate a brainwashing and torture facility in Marion, Indiana, and (2) that if the reference was intended to refer to the VA Medical Center in Marion, Plaintiff should direct his inquiry to that facility. (Id.). Mr. Johnson provided Plaintiff the name and contact information for the Marion, Indiana VA facility. (Id.). Mr. Johnson responded to Plaintiff's Initial Request Paragraph 6, which sought copies of any bill passed by Congress authorizing the VA to purchase Navane and Mellaril, by directing Plaintiff to "reading rooms" at any VA facility or on the internet. Mr. Johnson informed Plaintiff that subsection (a)(3)(A) of the FOIA exempted the VA from responding to paragraph 6 because the information had already been made publically available. (Id.). The letter then directed Plaintiff that he must submit any appeal within 60 days from the date of the letter. (Id.).

In a letter dated May 19, 2003, Plaintiff appealed Mr. Johnson's letter. (Complaint, Exh. D (the "Appeal")). Plaintiff claimed that the letter was invalid because it was addressed to "Arthur Clemens" and Plaintiff believes the Arthur J. Clemens Sr., Plaintiff's father, "may be usurping the Requester's legal identity in a manner unknown to [Plaintiff]". (Id.). Plaintiff also argues that Mr. Johnson's letter is inconsistent because it denies that the VA operates a "brainwashing and torture facility" in Marion, Indiana, while directing Plaintiff to address his Initial Request paragraph 4 to the VA medical facility in Marion. (Id.).

Ms. Ginny B. Daniels, FOIA officer for the Department of Veterans Affairs, Office of Human Resource Management ("OHRM"), responded to Initial Request paragraphs 1, 2, 7 and 8 in a letter dated October 30, 2003. (Defendant's Memo in Supp., Exh. C). In response to Initial Request paragraph 1, Ms. Daniels informed Plaintiff that she could not provide any information to Plaintiff because the human resources records did not go back to January 1, 1979 and suggested that Plaintiff contact the Marion facility directly at the provided address. (Id.). Ms. Daniels responded to Initial Request paragraph 2 by stating that no records were located at the OHRM

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

regarding the employment records, place of birth, medical schools attended or other activities of Drs. Callejo and Balza. (Id.). In response to Initial Request paragraph 7, Ms. Daniels reiterated that the OHRM does not maintain records for employees for the requested time period, but did provide a list of foreign doctors who have been employed by the Department of Veterans Affairs from 1995 to present. (Id.). Finally, Ms. Daniels responded to Initial Request paragraph 8 by stating that they had no record of any VA doctors torturing political prisoners in their home country prior to employment with the VA. (Id.).

On January 16, 2004, Mr. Tim S. McClain, General Counsel for Department of Veterans Affairs, Office of the General Counsel, denied Plaintiff's Appeal. (Defendant's Memo in Supp., Exh. A). Mr. McClain did not respond to Plaintiff's appeal of Initial Request paragraphs 1, 2, 7 and 8 because subsequent to the Appeal Ms. Daniels responded to those requests. (Id.). Mr. McClain reiterated Mr. Johnson's earlier response to paragraph 6, that the information requested was already public, therefore the FOIA did not required the VHA to provide that information to Plaintiff. (Id.). Mr. McClain denied Plaintiff's appeal of paragraphs 3, 4 and 5 stating that his office had "confirmed with personnel at VHA that despite a comprehensive search for the documents [sought], no records responsive to [Plaintiff's] request were located." (Id.).

On November 2, 2004, Plaintiff filed suit in this Court. (Complaint). In his Complaint, Plaintiff requests the Court order that (1) Defendant to produce documents requested by Plaintiff in paragraphs 1 and 2 of the Initial Request, (2) Defendant conduct a thorough search for documents as requested in paragraphs 3 and 4 of the Initial Request, (3) that Defendant produce a list of doctors broken down by country of origin in accordance with Plaintiff's request in paragraph 7 of the Initial Request, (4) that the Court require additional information as it finds it to be in the public interest, and (5) that upon a finding by the Court that the Defendant has been

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

willful and malicious in withholding documents, that the Court recommend disciplinary action against those VA employees responsible under 5 U.S.C. § 552 (a) (4) (F).[1] (Complaint).

In support of its Motion for Summary Judgment, Defendant has submitted affidavits from each of Mr. Johnson and Ms. Daniels.  Mr. Johnson's affidavit states that he is the FOIA office for the Department of Veterans Affairs, Veterans Health Administration and is responsible for reviewing and processing all initial requests received at the VHA Central Office. (Defendant's Memo in Supp., Exh. D).  Mr. Johnson's affidavit states that he refers a requester to a VHA field office or other offices if responsive records are likely to be maintained at those offices. (Id.).  In his affidavit, Mr. Johnson further referred the Court to his response to Plaintiff's Initial Request and stated that his statements are made on the basis of his review of the official files and records of VHA Central Office, his personal knowledge or on the basis of information acquired by him through the performance of his official duties as the FOIA Officer for VHA Central Office. (Id.). Ms. Daniels' affidavit tracks the language of Mr. Johnson's affidavit, with the proper substitutions made for her position in the OHRM branch of the Department of Veterans Affairs.  (Defendant's Memo in Supp., Exh. E).

**SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if  "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

---

[1] Plaintiff has alleged two additional "causes of action" which do not appear to be separate causes of action, but rather allegations that relate to his other causes of action.  Plaintiff's "Fourth Cause of Action" alleges that production of information is necessary to ensure that the U.S. lives up to its obligations under the Helsinki Accords and/or other international treaties and agreements.  The "Fifth Cause of Action" alleges that the production of information is in the public interest, in particular to veterans and other persons who have served their county. (Complaint, p.2).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Id. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Id. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

Defendant argues that Plaintiff has offered no evidence that Defendant obstructed Plaintiff's requests or that the search for the requested documents was not reasonable, and that therefore it is entitled to summary judgment. In reviewing a request for documents under 5 U.S.C. § 552(a)(4)(B), the district court "is to make a de novo determination of whether records were properly withheld under any of the FOIA exemption provisions." Davis v. Central Intelligence Agency, 711 F.2d 858, 861 (8th Cir.1983), cert. denied, 465 U .S. 1035 (1984). The burden of proof is on the government agency to justify the nondisclosure of documents. Davis,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

711 F.2d at 860-61. The district court may award summary judgment based on the affidavits submitted by the agency if the affidavits are relatively detailed, nonconclusory, and submitted in good faith. Davis, 711 F.2d at 860.

The action before this Court only relates to paragraphs 1, 2, 3, 4 and 7 of the Initial Request. (Complaint). Defendant responded to paragraphs 1, 2, 3 and 4 by stating that the records requested by Plaintiff do not exist with Defendant. Defendant further referred Plaintiff to the Marion FOIA office where certain requested records might be found in response to Initial Requests 1 and 4. In response to paragraph 7, which sought a list of foreign doctors employed by the VA from January 1, 1979 to present, Defendant informed Plaintiff that it did not maintain records for the full time period requested, but provided responsive documents from 1995 to present.

To be entitled to summary judgment, the agency must show that " 'each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the [FOIA's] inspection requirements.' " Miller v. United States Department of State, 779 F.2d 1378, 1382-83 (8th Cir.1985), cert. denied, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980) (quoting National Cable Television Ass'n, Inc. v. Federal Communications Comm'n, 479 F.2d 183, 186 (D.C.Cir.1973)). The adequacy of an agency's search for requested documents is judged by a standard of reasonableness, i.e., "the agency must show beyond material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents." Id. citing Weisberg v. U.S. Department of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1973). But the search need only be reasonable; it does not have to be exhaustive. Id. An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith. Id. citing Goland v.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Central Intelligence Agency, 607 F.2d 339, 352 (D.C.Cir.1978), cert. denied, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).

Plaintiff's current requests for information relate to either (1) human resources records relating to foreign doctors, or (2) the use and purchase of the drugs Navane and Mellaril by the VA. In response to the human resources requests, Defendant has established by affidavit that its filing system did not maintain records responsive to this request and in fact no documents were found responsive to Initial Requests 1 and 2 and all information responsive to Initial Request 7 was provided to Plaintiff. (Defendant's Memo in Supp., Exh. C). Defendant responded to the Navane and Mellaril requests by stating that despite a comprehensive search, no information responsive to those requests was found.

"[A]ffidavits are equally trustworthy when they aver that all documents have been produced or are unidentifiable as when they aver that identified documents are exempt." Goland, 607 F.2d at 352. In this case, Defendant has provided affidavits stating it has made a search of its records and that all documents responsive to Plaintiff's requests were turned over to Plaintiff or did not exist in Defendant's records. When an agency has shown by convincing evidence that its search was reasonable, i.e., that it was especially geared to recover the documents requested, then the burden is on the requester to rebut that evidence by a showing that the search was not in fact in good faith. Miller, 779 F. 2d at 1383. Here Defendant has shown by affidavits that it has geared its search to recover the documents requested by Plaintiff, by among other things having the FOIA officers at both the VHA and the OHRM make a search for the records.

Defendant has established that its search for the requested documents was reasonable. Plaintiff, however, has failed to make any showing that the search was not in good faith or otherwise materially disputed the reasonableness of Defendant's search. The law does not require Defendant to deny that any records responsive to Initial Requests 1, 2 and 7 exist anywhere; it is

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

sufficient that Defendant stated that after a reasonable search, no responsive records were found within the agency.  The FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained."  Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 152, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980).  Defendant has indicated Plaintiff might obtain responsive documents from the Marion facility, but the law does not require it to acquire them on Plaintiff's behalf.[2]  Additionally, there is nothing in the record to support Plaintiff's contention that Navane and Mellaril were ever used by the VA and, therefore, nothing to suggest that the Defendant's statement that no records of their use existed was in bad faith.

    The Court finds that Defendant has satisfied its burden to show that it met all the requirements of the FOIA and that Plaintiff has not met his burden to rebut the presumption that Defendant's search for the requested documents was reasonable.   Therefore Defendant is entitled to summary judgment and Defendant's Motion to Dismiss and for Summary Judgment must be granted.   Given this finding, the Court must deny  Plaintiff's Memorandum Brief in Support of Motion for Partial Summary Judgment and Statement of Uncontroverted Facts, Motion for Partial Summary Judgment, First Cause of Action.

    Accordingly,

    **IT IS HEREBY ORDERED** that  Defendant's Motion to Dismiss and for Summary Judgment (Doc. 34) is hereby GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

---

[2] The Court is unaware of the exact legal relationship between the Marion VA facility and Defendant, but this does not affect the Court's conclusion that Defendant has satisfied its obligations under the FOIA act.  Defendant has established by affidavit that a reasonable search of its records did not produce responsive documents.   Even if Defendant has legal access to the Marion facility's records, the law does not require it to acquire them on Plaintiff's behalf.  See, e.g., Kissinger, 445 U.S. at 153-54, 110 S.Ct. at 970 (holding that an agency has no obligation to retrieve documents which have not actually been retained by the agency).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that Plaintiff's Memorandum Brief in Support of Motion for Partial Summary Judgment(Doc. 25) and Statement of Uncontroverted Facts, Motion for Partial Summary Judgment , First Cause of Action(Doc. 41) are hereby DENIED.

**IT IS FURTHER ORDERED** that all other outstanding Motions in this case are DENIED AS MOOT.

Dated this 11th Day of May, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com